J. A17032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA

                  v.                      :
                                               :

KENNETH GLOWANIA,                    :            No. 3505 EDA 2019
                                               :

                   Appellant         :

Appeal from the PCRA Order Entered November 12, 2019,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0002244-2014

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 09, 2020**

      Kenneth Glowania appeals from the November 12, 2019 order entered by the Court of Common Pleas of Bucks County denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, Bonnie-Ann Brill Keagy, Esq., has requested leave to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.3d 213 (Pa.Super. 1988) (***en banc***).  After careful review, we grant Attorney Keagy leave to withdraw and affirm the PCRA court's order.

      The PCRA court set forth the following factual and procedural history:

> On August 20, 2014, following a jury trial, appellant was found guilty of two counts of aggravated assault,[Footnote 2] simple assault,[Footnote 3] recklessly endangering another person,[Footnote 4] and disorderly conduct.[Footnote 5]  The facts of this

case were discussed at length in [the trial] court's[Footnote 6] February 25, 2015 opinion filed in the context of appellant's direct appeal, and are set forth as follows herein:

> [Footnote 2] 18 Pa.C.S.A. § 2702(a)(1) and 18 Pa.C.S.A. § 2702(a)(4).
>
> [Footnote 3] 18 Pa.C.S.A. § 2701(a)(1).
>
> [Footnote 4] 18 Pa.C.S.A. § 2705.
>
> [Footnote 5] 18 Pa.C.S.A. § 5503(a)(1).
>
> [Footnote 6] The Honorable Diane E. Gibbons of [the trial court] presided over the jury trial and initial stages of this PCRA proceeding. Following a hearing on May 9, 2019, Judge Gibbons recused herself due to a potential conflict and this matter was re-assigned to [the Honorable C. Theodore Fritsch, Jr.]

On March 1, 2014, the victim, Michael Gordon, went to a local bar located in Bensalem Township, Bucks County. While he was there, he met a childhood friend, Jillian Scheffer. The victim and Ms. Scheffer left the bar at approximately 2:00 a.m. and, after a few minutes, decided to walk home. Shortly after they began walking, they heard yelling from behind. When the victim stopped and looked back, he was confronted by [appellant]. The victim testified that he heard [appellant] yell "something to the effect of, 'yo, he just hit her, let's roll this dude, let's get him, let's jump him.'" The victim told [appellant] to "get out of here" and told [appellant] that he "didn't touch her." When the victim turned away and continued to walk home with Ms. Scheffer, he was attacked from behind by [appellant.]

[Appellant] used his left arm to restrain the victim from behind. He reached over the victim's right shoulder with his right arm, moving his right hand across the victim's neck. In response to the attack,

the victim lowered his head. By doing so, the victim was able to protect his neck but was unable to protect his face. [Appellant] cut the victim with an unidentified sharp object, inflicting a slicing wound which extended from the victim's cheek, up and over his forehead, to the crown of his head. [Appellant] also cut the victim's left upper chest. When the victim was able to break free, he turned towards [appellant] and began to back away. [Appellant,] still armed with the unidentified object, continued his assault, making stabbing motions toward the victim. The victim was able to use a cell phone to call 911, ending the incident.

When police arrived on scene, the victim was bleeding profusely and had lost a substantial amount of blood. Photographs taken at the scene depicted a large amount of blood on the street where the incident occurred. Photographs of the victim and his clothing depicted large amounts of blood on the victim's face, hands and down the front of his t-shirt and pants. The victim was transported from the scene by ambulance. Photographs of the victim's injuries taken at the hospital depicted two severe injuries to the victim. The deep slicing cut to the victim's head ran very close to the victim's right eye, required numerous stitches to close and resulted in permanent scarring. The deep slicing cut to the victim's upper left chest also left scarring. Both injuries were clearly caused by a very sharp cutting instrument.

On August 28, 2014, appellant was sentenced to a term of incarceration in a state correctional facility of not less than ten (10) nor more than (20) years on count one, aggravated assault. No further penalty was imposed on the remaining counts. On September 25, 2014, following a hearing on appellant's motion for reconsideration of sentence, appellant's sentence was vacated and appellant was resentenced to a reduced term of incarceration of not [less] than eight and one-half years (8.5) to not more than twenty (20) years.

On October 1, 2014, appellant appealed from the judgment of sentence to the Superior Court. On December 14, 2015, the Superior Court affirmed the judgment of sentence. [*See Commonwealth v. Glowania*, 135 A.3d 657 (Pa.Super. 2015) (unpublished memorandum).] On January 7, 2016, appellant filed a petition for allowance of appeal to [our] supreme court. On May 3, 2016, appellant's petition for allowance of appeal was denied. [*See Commonwealth v. Glowania*, 138 A.3d 2 (Pa. 2016). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.]

On January 20, 2017, appellant filed a timely initial *pro se* PCRA petition. On February 28, 2017, Attorney Stuart Wilder was appointed to represent appellant. On March 27, 2017, Attorney Wilder's appointment was vacated and Attorney Dean Malik was appointed to represent appellant. On October 20, 2017, counsel for appellant filed an amended petition alleging ineffective assistance of trial counsel, Attorney Paul Lang.

On January 11, 2018, Attorney Malik's appointment was vacated and [Attorney Keagy] was appointed to represent appellant. On February 12, 2018, Attorney Keagy filed a motion to withdraw and an accompanying *Turner*/*Finley* letter. On April 18, 2018, the motion to withdraw was denied for failure to specifically address appellant's claim that trial counsel was ineffective for failing to interview and present two witnesses at trial. On May 18, 2018, appellant, through Attorney Keagy, filed a second amended petition.

A hearing on appellant's second amended petition was held on November 8, 2019. On November 12, 2019, [the PCRA] court issued an order denying appellant's initial PCRA petition and second amended petition. On December 10, 2019, appellant appealed to the Superior Court from [the PCRA court's] November 12, 2019 order. On December 12, 2019, the [PCRA] court issued an order directing appellant to file a concise

> statement of errors complained of on appeal [pursuant to Pa.R.A.P. 1925(b)] within 21 days of the date of the order.  On December 23, 2019, appellant filed a motion to extend time for filing concise statement and for transcription of testimony.  By order dated December 23, 2019, [the PCRA] court granted appellant's request for transcripts.  By order dated January 2, 2020, the [PCRA] court granted appellant's request for an extension to file the [Rule 1925(b)] statement be filed on or before January 24, 2020.

PCRA court opinion, 2/7/20 at 1-4 (extraneous capitalization and footnote 7 omitted).  Appellant filed a Rule 1925(b) statement on January 24, 2020.  The PCRA court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 7, 2020.

On April 22, 2020, PCRA counsel filed with this court an application to withdraw as counsel, accompanied by a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its progeny.[1]  (**See Anders** brief at 4.)

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner** and **Finley** and . . . must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

---

[1] We note that the proper filing with this court accompanying a petition to withdraw as counsel is a no-merit brief pursuant to **Turner**/**Finley**.  Because an **Anders** brief provides more protection for a PCRA petitioner, "we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), **appeal denied**, 882 A.2d 477 (Pa. 2005).

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> . . . .
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court— [PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.
>
> *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (internal citations omitted) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007)).

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-511 (Pa.Super. 2016) (bracketed material omitted).

Our review of the record demonstrates that Attorney Keagy has complied with each of the above requirements. Additionally, Attorney Keagy sent appellant copies of the *Anders* brief and petition to withdraw and advised appellant of his right to retain new counsel or proceed *pro se*. *See Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super. 2011). Appellant did not file a response.

In her *Anders* brief, Attorney Keagy identified the following issue:

> Is the record devoid of any issue having arguable merit and is appellant's appeal wholly frivolous?

***Anders*** brief at 3 (full capitalization omitted).  Attorney Keagy further noted

the following:

> The sole issue presented in the concise statement of matters complained of on appeal was:  "The trial court (Fritsch, J.) erred in failing to find that trial counsel rendered ineffective assistance of counsel in failing to investigate the existence of an exculpatory witness whom had been identified to trial counsel by [appellant] in advance of the jury trial and that the absence of this witness at trial was prejudicial to [appellant's] case to such an extent that no reliable adjudication of guilt or innocence could have taken place."

***Id.*** (italics and extraneous capitalization omitted).

PCRA petitions are subject to the following standard of review:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.  ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), ***appeal denied***, [] 29 A.3d 795 ([Pa.] 2011).  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.  ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), ***appeal denied***, [] 932 A.2d 513 ([Pa.] 2007).  We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012).  Traditionally, credibility determinations are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, [] 720 A.2d 79 ([Pa.] 1998), ***cert. denied***, 528 U.S. 810 [] (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Commonwealth v. Johnson***, [] 966 A.2d 523, 539 ([Pa.] 2009).

*Commonwealth v. Beatty*, 207 A.3d 957, 960-961 (Pa.Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019).

As noted above, PCRA counsel identified a potential issue for appellate review of ineffective assistance of counsel. (*See Anders* brief at 15.) Specifically, appellant contends that his trial counsel failed to present a fact witness to the jury. (*Id.*)

> With respect to a claim of ineffective assistance of counsel,
>
> > [c]ounsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.
>
> The petitioner must plead and prove all three prongs, and the failure to establish any one prong warrants denial of an [ineffectiveness] claim.

*Commonwealth v. Harper*, 230 A.3d 1231, 1236 (Pa.Super. 2020), quoting *Commonwealth v. Becker*, 192 A.3d 106, 112-113 (Pa.Super. 2018), *appeal denied*, 200 A.3d 11 (Pa. 2019) (citations omitted).

> "To be entitled to relief on a claim of ineffectiveness for failure to call a witness, [an] appellant must demonstrate [that]: the witness existed, was available, and willing to cooperate; counsel knew or should have known of the witness; and the absence of the witness's testimony prejudiced [the] appellant." *Commonwealth v. Birdsong*, [] 24 A.3d 319, 334

([Pa.] 2011) (citing ***Commonwealth v. Fletcher***, [] 750 A.2d 261, 275 ([Pa.] 2000)). A PCRA petitioner cannot succeed on such a claim if the proposed witness' testimony "would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap." ***Commonwealth v. Baumhammers***, [] 92 A.3d 708, 725 ([Pa.] 2014). "To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's allegedly unprofessional conduct, the result of the proceedings would have been diferent. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Id.*** (citing ***Commonwealth v. Gibson***, [] 951 A.2d 1110, 1120 ([Pa.] 2008)).

***Commonwealth v. Johnson***, 139 A.3d 1257, 1284 (Pa. 2016) (some brackets in original).

In the instant case, appellant's claim revolves around the potential testimony of Warren Schriver. (***Anders*** brief at 16.) Based on our review of the record, we find that Schriver's potential testimony would not have materially aided appellant at trial. Indeed, Schriver testified as follows during direct examination by Attorney Keagy at the PCRA evidentiary hearing:

> Q: Okay. So what can you tell the Court now about what went on [the night of the underlying incident]?
>
> . . . .
>
> A: . . . . I am trying to think. I remember [appellant]. I am not sure who. It might have been [appellant], might not have been, because [appellant] -- I did see blood on [appellant] that day too, so I am not sure. I didn't see the other guy, but there was blood on the floor when I walked out.

Q:     And you are talking about outside of Big Heads?

A:     Yeah, outside the bar.

Q:     Okay.

A:     Outside the bar. But when I got -- that was before I got out, because when I got out, I just seen blood on the floor right there, but they were -- [appellant] -- I thought [appellant] was getting beat up because there were like five guys and [appellant], five guys that were all together and then just [appellant] over at -- I thought they had [appellant] up against the car.

Q:     Okay.

A:     And -- I mean, I couldn't really see because it was pitch black out, but -- that's what I seen.

Notes of testimony, 11/8/19 at 35-36. Schriver also provided the following

testimony during cross-examination by the Commonwealth:

Q:     And you go inside the bar. Do you go inside with [appellant]?

A:     No.

Q:     All right.

A:     I do not believe he followed me, because I went in. And I was ahead of him and Keith [Sosinski] because they were behind me talking, hanging out. And I was just -- I just walked in the bar --

Q:     Okay.

A:     -- and got a few beers.

Q:     And at some point you walk outside, and that's when you see blood on the ground; is that correct?

- 10 -

> A: Yeah.
>
> Q: All right. And at that point something has happened because there's blood; right?
>
> A: Right, right, right.
>
> Q: So you didn't actually see how that was caused; right?
>
> A: No.

*Id.* at 38.

Based on this testimony, the PCRA court reached the following conclusion:

> [Schriver], therefore, would not have been able to testify to the incident or that appellant was not the aggressor. Furthermore, [Schriver] testified that he had a traumatic brain injury and has a hard time remembering details, as demonstrated by his initial erroneous testimony that appellant was already incarcerated on the date of the incident. [(***See id.*** at 32.)] Accordingly, the absence of [] Schriver's testimony did not prejudice appellant. Thus, appellant has failed to establish that Attorney Lang was ineffective for failing to interview [] Schriver.

PCRA court opinion, 2/7/20 at 8 (extraneous capitalization omitted).

We, therefore, find that the PCRA court's determination is supported by the record and that the PCRA court's legal conclusions are free of legal error. Accordingly, we agree with Attorney Keagy that appellant's claim of ineffective assistance of counsel is without merit and, therefore, will grant her application to withdraw and affirm the PCRA court's order.

Application to withdraw granted. Order affirmed.

J. A17032/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/20